LOS ALTOS EL GRANADA INVES-TORS, a California limited partner-ship, doing business as: Castle Mobile Estates, Plaintiff—Appellant,

v.

CITY OF CAPITOLA; City of Capitola Mobilehome Rent Review Board, Defendants—Appellees.

Hillsboro Properties, dba: Turner Lane Estates; Imsong & Hyun Choong Lee; dba: Wharf Road Manor M.H.P.; Vieira Enterprises Inc.; dba: Cabrillo Mobilehome Estates, Ron & Robert Reed; dba: Surf and Sand Mobile-home Park, Los Altos -El Granada Investor LLP., Plaintiff,

and

Ben & Pat Keh; Abraham & Frances Keh; Oak Shadows Building Co., LLP; Brookvale Terrace Building Company, dva Castle Mobilehome Park, Plaintiffs—Appellants,

v.

City of Capitola, Defendant—Appellee.

Nos. 02–16348, 02–16369.
D.C. No. CV–01–20667–JF(PVT),
CV–01–20543–JF.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 11, 2004.*

Decided March 15, 2004.

* This panel unanimously finds this case suit-able for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Robert S. Coldren, C. William Dahlin, Hart King & Coldren, Santa Ana, CA, for Plaintiff–Appellant.

Donald R. Lincoln, Henry E. Heater, Endeman, Lincoln, Turek & Heater, San Diego, CA, for Defendant–Appellee.

Before ALARCÓN, BEEZER, and W. FLETCHER, Circuit Judges.

## MEMORANDUM**

Appellants are mobilehome parkowners who appeal from the dismissal of their consolidated § 1983 actions for takings without compensation in violation of the Fifth Amendment of the United States Constitution. We affirm the dismissal on the ground that Appellants' claims are not ripe for adjudication.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Appellants raised various other claims in the district court, but they have not been

Appellees the City of Capitola, adopted a mobilehome rent control ordinance in 1979 that prohibits almost all rent adjustments upon the conveyance of a mobilehome by an existing resident, and which requires parkowners to apply to the Capitola City Council (CCC) if they seek to increase their rents. El Granada owns a mobilehome park in Capitola and in March 2000 submitted an application to the CCC for a rent increase of $300 per month, per space. El Granada's application was based, *inter alia*, on the fact that the Ordinance was alleged to have created a "premium" that mobilehome owners could capture upon sale of their mobilehome. *See Yee v. City of Escondido*, 503 U.S. 519, 527, 112 S.Ct. 1522, 118 L.Ed.2d 153 (1992) (explaining premiums). In April 2001 the CCC granted El Granada an increase of three percent, substantially less than it had requested.

Appellants, El Granada and its investors filed § 1983 actions, claiming, *inter alia*, violation of their Fifth Amendment rights.[1] The district court dismissed the actions because it found that insofar as Appellants' claims were facial challenges to a rent control ordinance, Appellants had not met the statute of limitations, and insofar as Appellants' claims were challenges to the ordinance as applied to them, their claims were unripe.

A plaintiff's taking claim is ripe if two requirements have been met. First, the plaintiff must show that "the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations

preserved on appeal. *See Paladin Assocs. v. Montana Power Co.*, 328 F.3d 1145, 1164 (9th Cir.2003) (failure to challenge district court judgment in opening brief waives argument).

to the property at issue." *Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City,* 473 U.S. 172, 186, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). Second, the plaintiff must show that he has sought "compensation through the procedures the State has provided for doing so." *Id.* at 194. A claimant need not comply with these requirements if state remedies would be inadequate or futile. *Id.* at 197. In California, a plaintiff fulfills the second requirement by complying with the procedures laid out in *Kavanau v. Santa Monica Rent Control Bd.,* 16 Cal.4th 761, 66 Cal.Rptr.2d 672, 941 P.2d 851 (1997) and *Galland v. City of Clovis,* 24 Cal.4th 1003, 103 Cal.Rptr.2d 711, 16 P.3d 130 (2001). Appellants' fulfillment of *Williamson's* second requirement is at issue in this appeal.

*First "As–Applied" Challenge: Denial of Rent Increase by City*

█ Appellants argue that they have fulfilled *Williamson's* second requirement because Capitola's ordinance as applied to them in CCC's denial of their rent increase constituted a "pre-deprivation" opportunity to compensate them for a taking. In *Hacienda Valley Mobile Estates v. City of Morgan Hill,* 353 F.3d 651, 657–58 (9th Cir.2003), we held that a hearing before a rent board did not fulfill *Williamson.* We explained: "We think the state must be aware that it is denying compensation to an alleged taking when it takes an action. When the Commission denied Hacienda's rent increase, we are not convinced that it was aware that its actions would constitute a taking. As Hacienda itself argues, when it stood before the Commission, the 'taking' had not yet occurred." *Id.* Appellants are in a similar position to plaintiffs in *Hacienda.* If Appellants did not believe a taking had completely occurred before denial, *a fortiori,* neither would have the CCC. Under *Hacienda,* the CCC denial thus does not fulfill the second *Williamson* requirement.

Alternatively, Appellants argue that they need not comply with *Williamson* because California's procedures "are unavailable or inadequate." *Williamson,* 473 U.S. at 197. First, Appellants characterize the *Kavanau–Galland* scheme as limiting compensation to an administrative mandamus action, and therefore inadequate under *First English Evangelical Lutheran Church of Glendale v. County of Los Angeles,* 482 U.S. 304, 310–11, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987) (overturning *Agins v. City of Tiburon,* 157 Cal.Rptr. 372, 598 P.2d 25 (1979)). Appellants' arguments, however, are substantially answered by our recent opinion in *Carson Harbor Village, Ltd. v. City of Carson,* 353 F.3d 824, 829 (9th Cir.2004), in which we determined that the *Kavanau–Galland* scheme does not reinstate the *Agins* rule as Appellants contend. Appellants further have not shown that a *Kavanau* adjustment remedy would not allow them to "recover for damages incurred prior to issuance of the writ of mandate," the primary reason *Carson Harbor* states for finding that California's system did not fail *First English. Id.*[2]

---

**2.** In support of this position, Appellants ask us to take judicial notice that their inverse condemnation action has been dismissed by the Santa Cruz County Superior Court, thus presumably establishing that their options for challenging a taking have been limited to an unconstitutional degree under *First English.* We take notice of the Superior Court's action, as well as the rest of the materials Appellants have presented to us.

The Santa Cruz County Superior Court ruling does not undermine the applicability of *Carson Harbor's* analysis. The Superior Court dismissed Appellant's inverse condemnation action because, *inter alia,* insofar as their claim was an "as applied" challenge, Appellants had not first pursued a writ of administrative mandamus. The Superior Court did not simply eliminate the avenue for recovering compensation through inverse

Second, Appellants argue that state remedies are futile because, in seeking takings compensation, *Kavanau* directs them back to the same entity that denied their rent increase application. *Carson Harbor*, however, held that this futility argument, without more, is too speculative to qualify for an exemption from *Williamson*. 353 F.3d at 830; *see also Hacienda*, 353 F.3d at 659. Appellants have not presented anything beyond speculation that the CCC would deny them compensation in a *Kavanau* hearing.

Third, Appellants claim that *Kavanau* is an unconstitutional burden on the process due property owners because it imposes "repetitive and unfair procedures" in order to avoid a final decision in contravention of *City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 698, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999). *Hacienda*, however, rejected this argument, finding that "[b]ecause the judicial path to the *Kavanau* adjustment is certain and well-defined, we believe that Hacienda will receive a final answer from the California court system and will not be frustrated by an elusive final decision as was the case in *Del Monte Dunes*." 353 F.3d at 659.

Fourth, Appellants argue that resort to California state courts is futile because California courts refuse to apply the correct "substantially advances" standard of review in takings cases and are thus unconstitutionally deferential to the government. "To meet the futility requirement, [Appellants] must show that California state courts have explicitly rejected [their] theory in the case." *Id.* Addressing this very argument, *Hacienda* explained why the cases that Appellants list are distin-

guishable from the cases at hand there and here—both premium-based takings claims—and therefore do not serve to illustrate the futility of state court remedies in either case. *Id.* at 659-61.

Fifth, Appellants urge that we find that because of preclusion law the *Kavanau/Galland* system effectively deprives litigants of a federal forum for their takings claims. Citing *Dodd v. Hood River*, 136 F.3d 1219, 1227-1228 (9th Cir.1998), Appellants assert that once the issues wind their way through the state courts, they will be barred from successfully litigating their claims in federal court. This claim, however, is at best speculative. Appellants have not shown that their claims even meet the threshold requirement for preclusion under California law. *See id.* at 1225 (explaining that state law determines requirements for collateral estoppel); *People v. Barragan*, 32 Cal.4th 236, 9 Cal. Rptr.3d 76, 91, 94, 83 P.3d 480 (2004) (outlining requirements for collateral estoppel under California law and noting that "public policy consideration may warrant an exception to the claim preclusion aspect of res judicata[.]"). *Accord Camargo v. California Portland Cement Co.*, 86 Cal.App.4th 995, 1006, 103 Cal.Rptr.2d 841 (Cal.Ct.App.2001) ("[E]ven where the minimal prerequisites for invocation of the doctrine are present, collateral estoppel is not an inflexible, universally applicable principle; policy considerations may limit its use where the ... underpinnings of the doctrine are outweighed by other factors.") (ellipsis in original) (citations and internal quotations omitted). Without more, Appellants' collateral estoppel objection to

---

condemnation, but rather, consistent with *Carson Harbor*, held that such an action would only be available were the writ already exhausted and proved inadequate. Thus, Appellants have not established that the Califor-

nia procedures are inadequate under *Williamson*. Rather, they have merely shown that they have acted prematurely in pursuing otherwise adequate procedures.

the *Kavanau* scheme does not compel its dismantling.

*Second "As–Applied" Challenge: Ordinance does not Substantially Advance Stated Goals*

■ Appellants' second claim is that the Ordinance, in conjunction with the accrual of the premium over time and the CCC's refusal to amend the Ordinance or grant a rental increase, failed to substantially advance a legitimate state interest. The district court understood this claim as a facial challenge to the statute itself and dismissed it as time-barred. *Hacienda*, recently held that a premium challenge sufficiently qualified as an "as-applied" challenge when the "[o]rdinance alone is not the basis of [the] challenge" and where the parkowner alleged that "complex economic factors, and the Commission's decision not to grant the bulk of [parkowner's] rent increase all combined to create a premium in the Park." 353 F.3d at 656. As Appellants have presented a nearly identical case as that in *Hacienda*, their challenge is "as applied" and has not been barred by the statute of limitations.

While an as-applied challenge must generally meet both *Williamson* requirements, Appellants contend that they need not "ripen" their claim because they are mounting a "substantially advances challenge." For this proposition, Appellants point to *San Remo Hotel v. San Francisco*, 145 F.3d 1095, 1102 (9th Cir.1998), which holds: "For this facial takings theory [that a law does not substantially advance legitimate state interests], we have held that the denial of just compensation is irrelevant for purposes of ripeness." (citing *Sinclair Oil Corp. v. County of Santa Barbara*, 96 F.3d 401, 407(9th Cir.1996)).

This proposition, however, has been specifically enunciated only where the claim "'does not depend on the extent to which [landowners] are deprived of their economic use of their ... property or the extent to which [they] ... are compensated....'" *Sinclair*, 96 F.3d at 406 (quoting *Yee*, 503 U.S. at 534). *Sinclair* was careful to note that "[i]n contrast, the extent to which a landowner has been compensated *is* relevant when he maintains that a regulation has denied him the economically viable use of his land." *Sinclair*, 96 F.3d at 406–07. In that instance, ripeness through exhaustion is still required. *Id.* Throughout their pleadings, Appellants have emphatically insisted that integral to their "substantially advances" challenge is the city's denial of their rent increase. *See, e.g., Appellant's Brief*, 39–40 ("The District Court's decision ignores the true nature of El Granada's claims. El Granada's 'premium' [substantially advances] challenge focuses on how the Ordinance impacted El Granada's property, based upon the factual interaction of the Ordinance, the economic environment and the response of the City to El Granada's request for a rent increase. These factors, El Granada claims, have collectively created and allowed the existence of a premium.") *San Remo Hotel* thus does not excuse Appellants from fulfilling *Williamson's* requirements

Appellants have not fulfilled *Williamson's* second requirement, and their claims are thus not ripe for adjudication. We AFFIRM the decision of the district court in dismissing Appellants' consolidated cases.

AFFIRMED.